UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION<br>400 Maryland Ave, S.W.<br>Washington, D.C. 20202<br><br>    Defendant. | Civil Case No. 1:23-cv-03432 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the U.S. Department of Education under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate

information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant United States Department of Education ("ED") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). ED has possession, custody, and control of records responsive to PPT's FOIA request.

## STATEMENT OF FACTS

6. On or about June 20, 2022, PPT submitted a FOIA request (attached as Exhibit A) to ED seeking the following:

    1. All records of communications regarding student loan forgiveness from January 20, 2021, through the date this request is processed, between White House staff members and any political appointees in the Office of the Secretary (OS) and Office of the Under Secretary (OUS). Additionally, this request seeks communications between White House staff members and any employees in the Office of Federal Student Aid (FSA) on the subject of student loan forgiveness.

7. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, 1 (Mar. 15, 2022) (quoting *Nat'l Labor Rels. Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

8. The Biden Administration released plans to forgive $400 billion of dollars in student debt. *See* Adam Liptak, *Supreme Court Rejects Biden's Student Loan Forgiveness Plan*, N.Y.

    Times (June 30, 2023), https://www.nytimes.com/2023/06/30/us/student-loan-forgiveness-supreme-court-biden.html. The release of these documents is in the public interest because they will shine sunlight on how the Biden Administration reached this decision and how the Administration and Department of Education sought to implement it.

9. PPT's request was designed Request # 22-03007-F.

10. On November 20, 2022, PPT reached out to ED to inquire if there were any updates.

11. Receiving no response, PPT contacted ED on January 6, 2023, and asked if it had any new updates.

12. To date, PPT has received no response from ED.

13. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo, at 3.

14. As the record described above indicates, more than 510 days—over a year--have passed since PPT submitted the request. This is well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

15. To date, the ED has not provided *any* substantive response, let alone made a determination of whether it will comply with Plaintiff's FOIA request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). To wit, the ED has not produced responsive documents to PPT, has not communicated to PPT the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, and has not informed PPT of its ability to appeal any adverse portion of its determination.

16. Given these facts, ED has not met its statutory obligations to provide the requested records absent litigation.

17. Through the ED's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records in Response to FOIA Request # 22-03007-F

18. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

19. PPT properly requested records within the possession, custody, and control of ED.

20. ED is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

21. ED is wrongfully withholding non-exempt agency records requested by PPT in FOIA Request # 22-03007-F by failing to produce non-exempt records responsive to its request.

22. ED is wrongfully withholding non-exempt agency records requested by PPT in FOIA Request # 22-03007-F by failing to segregate exempt information in otherwise non-exempt records responsive to the request.

23. ED's failure to provide all non-exempt responsive records violates FOIA.

24. Plaintiff PPT is therefore entitled to relief requiring Defendant ED to promptly produce all non-exempt records responsive to FOIA Request # 22-03007-F and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA Request # 22-03007-F and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt records responsive to PPT's FOIA Request # 22-03007-F.

(4) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: November 15, 2023

Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
Telephone: 703-574-1654
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*